IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WILLIE L. SEAMSTER,               )
                                  )
            Plaintiff,            )
                                  )
                                  )     CIV-11-1383-W
v.                                )
                                  )
DAVID W. PRATER, et al.,          )
                                  )
            Defendants.           )

## REPORT  AND  RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil

rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Having

conducted a review of the sufficiency of the Complaint pursuant to 28 U.S.C. §§ 1915A(a)

and 1915(e)(2), it is recommended that the cause of action be dismissed upon filing for

failure to state a claim upon which relief may be granted and on the basis of absolute

immunity.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity to determine whether

summary dismissal is appropriate. 28 U.S.C. § 1915A(a).  The same screening of a civil

complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2).  On review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).  Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Further, the Court is mindful that a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Background and Claims

In his Complaint filed November 21, 2011, Plaintiff states that he is in custody at the Lawton Correctional Facility, a private prison located in Lawton, Oklahoma.   The Defendants named in the Complaint include Oklahoma County District Attorney Prater, Oklahoma County District Judge Black, Oklahoma County District Judge Robertson,

2

Oklahoma County District Judge Watson, Oklahoma County Assistant District Attorney Dillon, and nine Oklahoma City Police Department officials.  Plaintiff alleges in the Complaint that he was denied due process and a fair trial because he was not given the opportunity to question the confidential informant (Count I), that Defendants Vasquez, Blankenship, and Black conspired to unlawfully convict him based on a "false and perjured affidavit" supporting a search warrant (Count II), and that he was denied a fair trial and subjected to "malicious prosecution" because insufficient evidence was presented at his trial to support his convictions (Count III).

Public records of the District Court of Oklahoma County, of which the undersigned takes judicial notice, see State Farm Mut. Auto. Ins. Co. v. Boellstorff, 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008)(recognizing courts may take judicial notice of documents from the public record), and St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."), reflect that Plaintiff was convicted in a jury trial of the offenses of Possession of a Controlled Dangerous Substance with Intent to Distribute and Possession of Proceeds Derived from a Violation of the Uniform Controlled Dangerous Substance Act, both after prior felony convictions. http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtyp e=caseGeneral&casemasterID=2398844&db=Oklahoma.   For these convictions, Plaintiff was sentenced to serve a 25-year term of imprisonment and a concurrent 12-year term of

imprisonment, respectively. Id.

Plaintiff states that his convictions and sentences were affirmed in a direct appeal, and he alleges that he is "now learning that my civil rights have been violated by the officers and the State of Oklahoma by not letting me have my right to confront my accusers and conspiricy [sic] by these same officials to deny me my basic rights as promised by our Constitution." Complaint, at 5.

As relief, Plaintiff requests that his convictions be overturned, that the "agents and officials be held accountible [sic] and removed from positions of authority," and that "[c]harges . . . be brought against those officers and state officials that violated my fundamental constitutional and civil rights [a]nd for the Federal Court to put an end to so many false and malicious prosecutions." Complaint, at 10.  Plaintiff also seeks to be awarded monetary damages of an unspecified amount.

III. Habeas Relief

With respect to Plaintiff's request for relief in the form of a "complete reversal of all charges and sentencing," Plaintiff is seeking relief that may be obtained only in a 28 U.S.C. § 2254 proceeding.  The only proper respondent in a 28 U.S.C. § 2254 proceeding is the litigant's custodian. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.  Additionally, a petition for a writ of habeas corpus may not be granted unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Plaintiff has not named the proper respondent, he has not filed his application seeking habeas relief on the proper form, and he has not demonstrated that he has exhausted available state

court remedies.  For these reasons, the Complaint should not be construed as a 28 U.S.C.

§2254 petition seeking habeas relief.

Moreover, in light of the well-established procedural bar doctrine, construing the

Complaint as one seeking habeas relief pursuant to 28 U.S.C. § 2254 could result in the

foreclosure of Plaintiff's right to assert all of his federal claims in one habeas petition.  <u>See</u>

Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts ("The

petition must . . . specify all the grounds for relief available to the petitioner . . . .").

Therefore, the Complaint should not be construed as a 28 U.S.C. § 2254 petition seeking

federal habeas relief.

IV. <u>Immunity</u>

First, Defendants Black, Robertson, and Watson are clearly protected by absolute

immunity.  State court judges are absolutely immune from claims seeking monetary damages

for actions taken in their judicial capacity, unless the actions are "taken in the complete

absence of all jurisdiction." <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991).  Plaintiff's

allegations against Defendants Black, Robertson, and Watson in Counts I, II, and III of the

Complaint all involve the actions of these judges taken in their judicial capacity as judges

in Oklahoma County, such as reviewing and signing a search warrant and presiding over

criminal proceedings.  Therefore, Plaintiff's claims against Defendants Black, Robertson,

and Watson should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii)

and 1915A(b)(2).

Next, there is no question that "a prosecutor is entitled to absolute immunity for those

actions that cast him in the role of an advocate initiating and presenting the government's case." Mink v. Suthers, 482 F.3d 1244, 1261 (10th Cir. 2007), cert. denied sub nom. Knox v. Mink, 552 U.S. 1165 (2008).  Absolute immunity applies to the functions of a prosecutor that "are necessary so that a prosecutor may fulfill his function as an officer of the court," including the preparation and initiation of charges and presenting the State's case in courtroom proceedings. Imbler v. Pachtman, 424 U.S. 409 (1976).  See also Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993)("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.  Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . .").

Defendants Prater and Dillon are named as Defendants in the Complaint, but the body of Plaintiff's Complaint does not describe any specific actions taken by Defendants Prater or Dillon.  Plaintiff mentions the "District 7 D.A. office" only in Count III of the Complaint, in which he alleges he was denied a "fair trial" by police officers, the prosecution, and District Judge Black.  Considering the allegations in the Complaint against Defendants Prater and Dillon which involve only prosecutorial advocacy functions, Defendants Prater and Dillon are absolutely immune from Plaintiff's § 1983 action against them.  Therefore, Plaintiff's claims against Defendants Prater and Dillon should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

Finally, police officers enjoy absolute immunity for their testimony in judicial

proceedings. Briscoe v. LaHue, 460 U.S. 325, 341-346 (1983). Thus, with respect to any testimony given by Defendants Patton, Sharp, Dale, Marston, Blankenship, Vasquez, Dake, Sweeney, and David, during the Plaintiff's preliminary hearing or trial, including any claim for relief based on Plaintiff's allegations that "during this trial the Oklahoma City Police couldn't even account for the money they stoled [sic] from me. The money sheet . . entered as evidence never matched the testimony of the officers testifing [sic] or the records they filled out at the time of my arrest," Complaint, at 5, these Defendants are entitled to absolute immunity. Therefore, to the extent Plaintiff seeks damages or other relief against Defendants Patton, Sharp, Dale, Marston, Blankenship, Vasquez, Dake, Sweeney, and David for their testimony at his preliminary hearing or trial, Plaintiff's claims against these Defendants should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

V. Heck

   In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court recognized that damages may not be recovered in a 42 U.S.C. §1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Id. at 487. Plaintiff has failed to demonstrate that his conviction or sentence has been reversed on appeal or

otherwise held to be invalid.  Thus, Plaintiff's claims seeking damages for allegedly unlawful arrest or conviction, including his claim in Count I that he was denied due process and a fair trial because he was not allowed to confront and cross-examine an unidentified confidential informant and his claim in Count III that insufficient evidence was presented at his trial to support his convictions and sentences, are premature under <u>Heck</u> and should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

## VI. Malicious Prosecution

A 42 U.S.C. § 1983 malicious prosecution claim requires the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." <u>Wilkins v. DeReyes</u>, 528 F.3d 790, 798 (10th Cir. 2008). Because Plaintiff has admitted that he was convicted of the charges that form the basis for his malicious prosecution claim in Count III, Plaintiff has failed to state a claim upon which relief may be granted concerning this claim.  Therefore, Plaintiff's claim in Count III seeking damages for alleged "malicious prosecution" should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## VII. Conspiracy

In order to state a claim of a conspiracy under 42 U.S.C. § 1983, a plaintiff "must allege specific facts showing an agreement and concerted action amongst the defendants."

Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998). See also Cardoso v. Calbone, 490 F.3d 1194, 1199 (10th Cir. 2007)(quoting Tonkovich, 159 F.3d at 533). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994).  In Count II of the Complaint, Plaintiff alleges that Defendants Vasquez, Blankenship, and Black "conspired to violate my civil rights" when the "officers [presented] a phantom [confidential informant] in the affidavit" for a search warrant and when Judge Black "accept[ed] this plainly tainted confidential informant story without question." Complaint, at 7.   Plaintiff's allegations do not state a claim of conspiracy under 42 U.S.C. § 1983 as he has not alleged enough facts to infer an agreement and concerted action by these Defendants.   The allegations that two police officers presented to a judge an affidavit in support of a search warrant which included statements by a confidential informant and the judge signed the search warrant without ascertaining the identity of the confidential informant are not sufficient to support a conspiracy claim.  Accordingly, Plaintiff's claim of unconstitutional conspiracy asserted in Count II should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be dismissed with or without prejudice as indicated above pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Also, as

9

to Defendants Black, Robertson, Watson, Prater, and Dillon, it is recommended that the cause of action be dismissed pursuant to 28 U.S.C. §§1915A(b)(2) and 1915(e)(2)(B)(iii) on the basis of absolute immunity.  It is also recommended that Plaintiff's cause of action against Defendants Patton, Sharp, Dale, Marston, Blankenship, Vasquez, Dake, Sweeney, and David should be dismissed pursuant to 28 U.S.C. §§1915A(b)(2) and 1915(e)(2)(B)(iii) on the basis of absolute immunity as to all claims stemming from their testimony at his preliminary hearing or trial.

It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10ᵗʰ Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. } § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . ."). Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ____January 10ᵗʰ____, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10ᵗʰ Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10ᵗʰ Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___21st___ day of ___December___, 2011.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE