IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

JAN 19 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____*Twh*_____ DEPUTY

WILLIE L. SEAMSTER,                    )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )        No. CIV-11-1383-W
                                       )
DAVID W. PRATER et al.,                )
                                       )
            Defendants.                )

## ORDER

On December 12, 2011, United States Magistrate Judge Gary M. Purcell issued a

Report and Recommendation in this matter and recommended that the action be

dismissed upon filing. See 28 U.S.C. §§ 1915, 1915A. Plaintiff Willie L. Seamster was

advised of his right to object, see Doc. 10 at 10, and the matter now comes before the

Court on Seamster's paper file-stamped January 5, 2012. See Doc. 11.

Upon de novo review of the record, the Court concurs with Magistrate Judge

Purcell's suggested disposition of this matter. To the extent Seamster, a state prisoner

proceeding pro se and in forma pauperis, has sought "a complete reversal of all charges,"

Doc. 1 at 10, of which he was convicted in the District Court for Oklahoma County,

Oklahoma, see State v. Seamster, No. CF-2009-905, and has challenged his sentences

resulting from those convictions,[1] the Court finds such relief is more appropriately sought

in a habeas proceeding brought under title 28, section 2254 of the United States Code.

---

[1]Seamster was convicted by a jury in the District Court for Oklahoma County, Oklahoma,
of possession of a controlled dangerous substance (cocaine base) with the intent to distribute and
possession of proceeds derived from a violation of the Uniform Controlled Dangerous Substance
Act, both after prior convictions. Seamster was sentenced to terms of imprisonment of 25 and 12
years, respectively, said terms to run concurrently. Seamster's convictions and sentences were
affirmed by the Oklahoma Court of Criminal Appeals. Seamster v. State, No. F-2010-38.

However, for the reasons stated by Magistrate Judge Purcell, the Court declines to construe the instant complaint as one seeking relief under section 2254.

To the extent Seamster has sought monetary relief in his complaint under title 42, section 1983 of the United States Code, the Court finds that certain defendants, the Honorable Virgil C. Black, the Honorable Vickie L. Robertson and the Honorable Kenneth Watson, in their capacity as judges for the District Court for Oklahoma County, Oklahoma, are entitled to absolute immunity. E.g., Mireles v. Waco, 502 U.S. 9 (1991)(per curiam). The Court finds that defendants David Prater and Matt Dillion, as District Attorney and Associate District Attorney, respectively, for Oklahoma County, Oklahoma, are likewise entitled to absolute immunity in their capacity as prosecutors. E.g., Imbler v. Pachtman, 424 U.S. 409 (1976).[2]

Finally, to the extent Seamster has sought to hold liable defendants Patton, Sharp, Dale, Marston, Blankenship, Rey Vasquez, Dake, Sweeney and Nathan Davis, as police officers for the City of Oklahoma City, Oklahoma, based on their testimony during his state court criminal proceedings, the Court finds that these defendants are also absolutely immune from damages. E.g., Briscoe v. LaHue, 460 U.S. 325 (1983).

The Court further finds that Seamster's allegations in his complaint that he was denied due process and a fair trial and his allegations that his convictions are not supported by sufficient evidence are premature under Heck v. Humphrey, 512 U.S. 477 (1994).

---

[2]Since the Court has dismissed with prejudice Seamster's claims against Black, Robertson, Watson, Prater and Dillion, the Court has not considered Seamster's request that these defendants be "removed from positions of authority." Doc. 1 at 10.

Finally, as to Seamster's claim for malicious prosecution and his claim of civil conspiracy asserted under section 1983, the Court finds that the allegations advanced in support of the same should be dismissed for failure to state claims upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1)

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 10] issued on December 21, 2011;

(2) DISMISSES with prejudice pursuant to sections 1915(e)(2)(B)(iii) and 1915A(b)(2) all claims against defendants Black, Robertson, Watson, Prater and Dillion;

(3) DISMISSES with prejudice pursuant to sections 1915(e)(2)(B)(iii) and 1915A(b)(2) all claims against defendants Patton, Sharp, Dale, Marston, Blankenship, Vasquez, Dake, Sweeney and Davis that arise from their testimony during Seamster's criminal proceedings;

(4) DISMISSES without prejudice the allegations in Seamster's complaint regarding his allegedly unlawful arrest and convictions, including the allegations that he was denied due process and a fair trial and that the evidence presented at trial was insufficient to support his convictions and sentences, e.g., 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B);

(5) DISMISSES with prejudice those allegations in Seamster's complaint advanced in support of his claim under section 1983 for malicious prosecution, e.g., id. §§ 1915A(b), 1915(e)(2)(B);

(6) DISMISSES without prejudice those allegations in Seamster's complaint that the defendants conspired against him, e.g., id. §§ 1915A(b), 1915(e)(2)(B);

3

(7) FINDS that Seamster's request for "a complete reversal of all charges" and his challenges to his terms of imprisonment are more properly considered under section 2254, but DECLINES to construe Seamster's complaint as a petition seeking habeas relief under section 2254; and

(8) further FINDS that the dismissal of Seamster's complaint shall count as one "strike" pursuant to title 28, section 1915(g) of the United States Code.

ENTERED this  19th  day of January, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE